960 F.2d 153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Siddharth S. SHAH, Defendant-Appellant.
 Nos. 90-10223, 91-10059.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 10, 1992.
Decided April 20, 1992.
 
 Before CHOY, FARRIS and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Shah and others were indicted for conspiracy to possess with intent to distribute and to distribute cocaine and marijuana in violation of 21 U.S.C. § 846, and conspiracy to defraud the United States in violation of 18 U.S.C. § 371. The jury was unable to reach a verdict on the tax charge, but Shah was convicted on the drug offense. Shah moved for a new trial on the ground that a government witness had committed perjury, and appeals the district court's denial of that motion as well as his conviction. We affirm.
 
 
 3
 * Shah argues that there was insufficient evidence to convict him of conspiring to possess and distribute drugs because all the Stevensons, who were in the drug business, did was to invest money with him. Although most of the funds used in the real estate investment projects Shah assisted in had already been laundered by the Stevenson organization, investing in real estate made it more difficult to trace the original source of the proceeds. While the parties dispute whether Shah laundered Stevenson cash in all the real estate deals about which there was testimony, there is little dispute that he received cash for the Chiquita Road and Geyserville Property projects. Thus, there was sufficient evidence for the jury to find beyond a reasonable doubt that Shah converted cash into real estate assets.
 
 
 4
 In turn, there was sufficient evidence that Shah knew that the Stevensons' money was from drug deals. Michael Stevenson and Norman Jensen testified to facts which showed Shah's knowledge. Most inculpating was a meeting at the Miyako Hotel, after Michael Stevenson had been subpoenaed to testify before the grand jury. It was taped, because Michael at that point was cooperating. Shah mentioned Flipper, the Stevensons' Columbian cocaine connection, suggested stonewalling, and talked about covering the "cash trail." This conversation manifested both a consciousness of guilt and knowledge about the source of funds he had used to invest in real estate. From it, the jury could reasonably find beyond a reasonable doubt that Shah knowingly invested money for the Stevenson drug operation.
 
 
 5
 Shah argues that even if he knowingly laundered money for the Stevenson organization, that does not make him a conspirator because there is an insufficient link between his money laundering activities and the drug conspiracy. At the time, money laundering was not a crime. The evidence did show, however, a sufficient link between Shah's activities and the underlying drug transaction. See United States v. Dela Espriella, 781 F.2d 1432, 1436 (9th Cir.1986). Shah was involved in a marijuana growing operation in connection with the Warm Springs project. He and Jensen were general partners in that project, and there was evidence that he agreed to let coconspirator Burkhardt grow marijuana in exchange for a share of the profits. There also was evidence that he agreed to post the land so that no hunting or trespassing would occur to interfere with the growing. Thus, the jury could reasonably infer that Shah acted with the intent to further the illegal objectives of the drug conspiracy because he had a stake in the venture.
 
 
 6
 Only a slight connection with a narcotics conspiracy is necessary to convict a defendant of knowing participation in it. United States v. Cuevas, 847 F.2d 1417, 1422 (9th Cir.1988), cert. denied, 489 U.S. 1012 (1989). Here, Shah's money laundering activities together with his involvement in the marijuana growing operation demonstrate that "slight connection."
 
 II
 
 7
 Shah argues that the court erred in omitting part of an instruction he proposed that would have told the jury that it is the government's burden to prove "a sufficient link between a person's handling of money and the drug transactions themselves to demonstrate that a person is a member of a conspiracy." Whether we review for abuse of discretion or de novo, the court's instructions on what the government must prove in order for the jury to find that Shah was a member of the Stevenson drug conspiracy were thorough and accurate.
 
 
 8
 Shah also argues that the court erroneously instructed on the elements of conspiracy in that it made knowledge of the source of funds an element. Because he did not object at trial, we review for plain error. United States v. Kessi, 868 F.2d 1097, 1102 (9th Cir.1989). There was none; the instructions correctly required the jury to find that Shah became a "member of the conspiracy knowing of at least one of its objects and intending to help accomplish it."
 
 III
 
 9
 Shah contends that the district court erred in denying his motion for a new trial based on newly discovered evidence that Ted Stevenson had committed perjury. Judge Lynch found that the witness had committed perjury. He also found that while the government did not put Stevenson on the stand knowing that he was going to perjure himself, the government nevertheless learned during the trial, but after Stevenson had been excused, that his testimony denying current contact with a drug dealer unrelated to the transactions of which Shah was accused, was false. Additionally, Judge Lynch found that the government had the same obligation to disclose that discovery as if it had originally known of the perjury. The district court further found that while the perjury was as to a matter on which the witness could have been impeached, it was as to a collateral matter and would have been cumulative to other impeaching evidence which was adduced. Therefore, the trial judge concluded that the government had carried its burden under United States v. Bagley, 473 U.S. 667 (1985), and United States v. Walgren, 885 F.2d 1417 (9th Cir.1989), of proving that the error was harmless beyond a reasonable doubt.
 
 
 10
 Although, as Judge Lynch recognized in his ruling, this is a tough call, we do not believe he erred in concluding that the government had met its burden. In addition to testimony by Ted Stevenson, Michael Stevenson, and Norman Jensen about Shah's knowledge and involvement in Stevensons' drug operation, there was a lengthy tape-recorded conversation in which Shah participated that provided substantial evidence out of his own mouth of what he knew. There was also substantial evidence of Ted Stevenson's cooperation with the government in the Shah case, and of his testifying in exchange for immunity. In addition to being collateral, therefore, evidence that he was cooperating with the government in an unrelated transaction would also have been cumulative.
 
 
 11
 Balancing the strength of the evidence overall and the difference evidence that Ted Stevenson had lied would have made in the outcome, together with the significance his testimony had in the trial as a whole, leaves us with the conviction that the trial judge, who was on the scene throughout, did not err.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3